J. B. Wood v. The State.

No. 7368.   Decided February 7, 1923.

**Misdemeanor Theft—Insufficiency of the Evidence.**
    Where, upon trial of misdemeanor theft, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Throckmorton.   Tried below before the Honorable John Lee Smith.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $50.00.

The opinion states the case.

*W. F. Parsley* and *B. F. Reynolds,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of misdemeanor theft and his punishment fixed at a fine of $50.

The punishment for misdemeanor theft is by fine and imprisonment, or by imprisonment without fine.   See Art. 1341, P. C.

The property alleged to have been stolen was a rim, tube and casing belonging to a Mr. Turner.   Mr. Turner testified that he had a cold drink stand and not far from it, a garage.   That on the night in question he had a number of old casings leaning up against the wall of his garage and had a good Overland casing, rim and tube among the old ones.   The Overland casing, rim and tube disappeared during the night. He further said that some time during the night his attention was attracted by a car driving up and stopping near the garage.   He looked out the door of his cold drink stand and saw three men get out of the car.   Two of them approached the place where the casings were near the wall and one of them threw a casing in their car, the other man having gone back toward the rear of the garage.   One of the party came up to the stand and asked him for some water and he told him they could get water further down the road.   The next morning Mr. Turner said he discovered that his Overland casing and rim and tube were gone.   He went over to Olney and there saw a Ford racer car which he said was the one he had seen in front of his garage, and in company with an officer he searched the car but found none of his property in

it. He seems not to have recovered or seen any of his lost property since. The officer who assisted Mr. Turner in searching the car referred to said he had known appellant for many years and that he had never been suspected or accused of any crime. Appellant testified denying knowing anything of Mr. Turner's casing, or that any of his party with his knowledge had taken anything of the kind.

We think the evidence insufficient. Mr. Turner does not suggest that appellant was the man whom he saw throw a casing into the car. He does not claim that appellant was not the man who went to the rear of the garage. He does not assert, except by a process of inference, that these men did not in fact take one of the old casings that was leaning against his garage wall. He does not know nor testify that his good casing, rim and tube were not takne by some one else during the night. Appellant was never seen in any personal or exclusive possession of Turner's casing, if indeed he be one of the party in the car at the time Turner thought an old casing was taken. Turner says nothing about the party throwing a rim or a tube into the car. The evidence is entirely lacking in that force and cogency that should appear when a citizen of the State is sought to be condemned as a thief.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*